1 WALTER K. OETZELL (State Bar No. 109769)
WOetzell@dgdk.com
2 UZZI O. RAANAN (State Bar No. 162747)
uraanan@dgdk.com
3 DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, Eleventh Floor
4 Los Angeles, California 90067-2904
Telephone: (310) 277-0077
5 Facsimile: (310) 277-5735

6 Attorneys for Elissa D. Miller,
Trustee for the Chapter 7 Estate of Bret Merrick Saxon
7

8 **UNITED STATES BANKRUPTCY COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10 **LOS ANGELES DIVISION**

| | |
|---|---|
| 11 In re | ) Case No. 2:13-bk-32314-TD |
| | ) |
| 12 BRET MERRICK SAXON, an individual, | ) Chapter 7 |
| | ) |
| 13 Debtor . | ) |
| | ) |
| | ) Adv. No. _____ |
| 14 | ) |
| 15 ELISSA D. MILLER, TRUSTEE FOR THE CHAPTER 7 ESTATE OF BRET MERRICK SAXON | ) **COMPLAINT:** ) **(1) TO AVOID AND RECOVER** |
| 16 | ) **FRAUDULENT TRANSFERS;** ) **(3) FOR DECLARATORY RELIEF;** |
| 17 Plaintiff, | ) **(4) FOR IMPOSITION OF** ) **CONSTRUCTIVE TRUST;** |
| 18 vs. | ) **(5) FOR UNJUST ENRICHMENT;** ) **(6) FOR TURNOVER;** |
| 19 AMY BETH SAXON, an individual, BRET MERRICK SAXON, an individual, and DOES 1-25, | ) **(7) FOR CONSPIRACY TO COMMIT** ) **FRAUDULENT TRANSFERS; AND** |
| 20 | ) **(8) FOR AVOIDANCE AND RECOVERY** ) **OF PREFERENTIAL TRANSFERS.** |
| 21 Defendants. | ) |
| 22 | ) |
| 23 | ) **Status Conference:** |
| 24 | Date: |
| 25 | Time: |
| | Dept: Courtroom |
| 26 | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

27

28

-1-

1258364.2   26099

## JURISDICTION AND PROCEDURAL BACKGROUND

1.     This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O), and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2.     This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O).  To the extent that the Court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims herein.

3.     Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. section 1409(a).

4.     Elissa D Miller (the "Plaintiff") is the duly qualified and acting Chapter 7 trustee for the bankruptcy estate (the "Estate") of Bret Merrick Saxon (the "Debtor"), in the bankruptcy case herein currently pending in the Bankruptcy Court for the Central District of California as Case No. 2:13-bk-32314-TD and entitled *In re Bret Merrick Saxon*, (the "Saxon Bankruptcy Case"). Plaintiff brings this suit solely in her capacity as the Chapter 7 Trustee.

5.     The Saxon Bankruptcy Case was commenced by the Debtor filing a voluntary Chapter 7 petition on September 5, 2013 (the "Petition Date").

6.     Elissa D. Miller was subsequently appointed as the Chapter 7 Trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

## PARTIES

7.     Plaintiff is the duly qualified and acting Chapter 7 Trustee herein and brings this suit solely in her capacity as the Chapter 7 Trustee.

8.     Plaintiff is informed and believes, and thereon alleges, that defendant Amy Beth Saxon ("Amy Saxon") is an individual and at all times material herein was a resident of the County Los Angeles, California.

-2-

1258364.2    26099

9.    Plaintiff is informed and believes that defendant Amy Saxon was the spouse of Debtor and at all times material herein was an insider of the Debtor.

10.    Defendant Bret Saxon is an individual, the debtor herein, and at all times material herein was a resident of the County Los Angeles, California.

11.    The true names and/or capacities, whether individual, corporate, associate or otherwise, that Plaintiff designated as Does 1 to 25, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint when the true names and/or capacities of said Defendants have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of Defendants designated herein by such fictitious names are responsible in some manner for the occurrences alleged in this Complaint, and are legally obligated to Plaintiff for the reasons stated herein.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all times material herein, were the agents, employees, servants, co-venturers and/or legal representatives of each of the other Defendants, and that in doing the things herein alleged, Defendants, and each of them, acted within the course and scope of said relationships and with the knowledge, permission, consent, ratification and/or adoption of the other Defendants, and each of them.

## **GENERAL ALLEGATIONS**

13.    Plaintiff is informed and believes, and thereon alleges, that prior to the Petition Date, Debtor was engaged in a number of businesses including marketing and motion picture development.

14.    Plaintiff is informed and believes, and thereon alleges, that on or about April 28, 2002, Amy Saxon and Debtor were married.

15.    Plaintiff is informed and believes, and thereon alleges, that prior to the Petition Date, the Debtor owned an interest in real property commonly known as 17536 Camino de Yatasto, Pacific Palisades, California (the "Palisades Real Property"), along with all furnishings fixtures,

-3-

1 and artwork (the "Palisades Property"), along with other real and personal property (the "Other

2 Property, along with the Palisades Real Property and the Palisades Property, the "Transferred

3 Property"), having purchased the Palisades Real Property in 2006, and that title to the Palisades

4 Real Property was vested in "Bret Saxon and Amy Saxon, husband and wife as community

5 property with right of survivorship."

6     16.    Between 2010 and the Petition Date, Debtor was a defendant in a number of

7 lawsuits including, without limitation:

8     A.    *Yarbrough Productions v. Saxon et al.*, filed in the Chancery Court of

9 Tennessee, Twenty First Judicial District, Williamson County, resulting a judgment against

10 Debtor of $2,250,000 on or about October 27, 2010, which judgment was subsequently

11 entered in California.

12     B.    *Zellers v. Saxon et al.*, filed on or about February 4, 2011, in the Superior

13 Court of the County of Los Angeles, California, alleging misrepresentation and damages of

14 $1,700,00.

15     C.    *Ayman Kandeel and Kirkwood Drew v. Saxon et al.*, filed on or about

16 February 4, 2011, in the Superior Court of the County of Los Angeles, California, alleging

17 conversion of $1,520,000.

18     D.    *Barbour v. Saxon et al.*, filed on or about March 1, 2011, in the Superior

19 Court of the County of Los Angeles, California.

20     17.    On or about March 25, 2011 Amy Saxon filed for divorce in Los Angeles Superior

21 Court, Case No. SC 111736 (the "Divorce Case").

22     18.    Plaintiff is informed and believes, and thereon alleges, that the Divorce Case was

23 uncontested and no legal counsel were employed therein either in prosecuting the Divorce case or

24 in respect of any agreement concerning the division of property, including, without limitation, the

25 Transferred Property, and that any such division concerning said property was negotiated,

26 documented, and executed by Amy Saxon and Debtor.

27     19.    On or about April 13, 2012 a Judgment of Dissolution was entered in the Divorce

28 Case.

-4-

20.    Plaintiff is informed and believes, and thereon alleges, there exists in this bankruptcy case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e), that could avoid the Subject Obligations and Transfers, as defined below, under applicable law and at the time of each transfer, one or more creditors of Debtor existed.

## THE TRANSFERS

21.    Plaintiff is informed and believes, and thereon alleges, that on March 31, 2011, the Debtor purported to transfer his interest in the Palisades Real Property to Amy Saxon, for no consideration, pursuant to that certain Quit Claim Deed of even date (the "Palisades Property Quit Claim Transfer").

22.    Plaintiff is informed and believes, and thereon alleges, that a year later, the Debtor and Amy Saxon drafted and executed that certain Marital Settlement Agreement, dated February 13, 2012 (the "Marital Settlement Transfer," together with the Palisades Property Quit Claim Transfer, the "Transfers").

23.    The Marital Settlement Agreement purports to transfer Debtor's interest in the Transferred Property to Amy Saxon.

24.    Plaintiff is informed and believes, and thereon alleges, that at all times material herein after each of the Transfers were made, Debtor enjoyed and continues to enjoy all of the legal and equitable benefits of ownership of the Transferred Property and has resided and continues to reside in the Palisades Real Property.

25.    Plaintiff is informed and believes, and thereon alleges, that at all times material herein, at the time each of the Transfers were made, Debtor was insolvent or rendered insolvent thereby.

26.    Plaintiff is informed and believes, and thereon alleges, that the Transfers, and each of them, were made without Debtor receiving fair consideration or reasonably equivalent value in exchange.

-5-

### FIRST CLAIM FOR RELIEF

#### (For Avoidance and Recovery of Fraudulent Transfers)

#### (Against All Defendants, and Does 1-25)

27.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     Plaintiff is informed and believes, and thereon alleges, that the Transfers and each of them, were made by the Debtor with the actual intent to hinder, delay, or defraud one or more of its creditors.

29.     Pursuant to 11 U.S.C. sections 544 and 548 as well as other applicable law, including, without limitation, California Civil Code section 3439.04(a), Plaintiff is entitled to avoid the Transfers, and each of them.

30.     Pursuant to 11 U.S.C. section 550, Plaintiff may recover from Defendant the property transferred under the Transfers, and each of them, or its value, plus interest thereon at the maximum legal rate, in a sum according to proof.

### SECOND CLAIM FOR RELIEF

#### (For Avoidance and Recovery of Fraudulent Transfers)

#### (Against All Defendants, and Does 1-25)

31.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

32.     Plaintiff is informed and believes, and thereon alleges, that Debtor made the Transfers, and each of them, without receiving fair consideration or reasonably equivalent value in exchange.

33.     Plaintiff is informed and believes, and thereon alleges, that the Transfers, and each of them, occurred at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

-6-

1   34.    Pursuant to 11 U.S.C. sections 544 and 548 as well as other applicable law,

2   including, without limitation, California Civil Code section 3439.05, Plaintiff is entitled to avoid

3   the Transfers, and each of them.

4   35.    Pursuant to 11 U.S.C. section 550, Plaintiff may recover from Defendant the

5   property transferred under the Transfers, and each of them, or its value, plus interest thereon at the

6   maximum legal rate, in a sum according to proof.

7

8   ### THIRD CLAIM FOR RELIEF

9   **(For Avoidance and Recovery of Fraudulent Transfers)**

10   **(Against All Defendants and Does 1-25)**

11   36.    Plaintiff refers to and incorporates herein by reference each and every allegation

12   contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

13   37.    Plaintiff is informed and believes, and thereon alleges, that when the Debtor made

14   the Transfers, and each of them, each was engaged in, or was about to engage in, business or a

15   transaction, for which any property remaining with the Debtor was an unreasonably small capital.

16   38.    Pursuant to 11 U.S.C. sections 544 and 548 as well as other applicable law,

17   including, without limitation, California Civil Code section 3439.04(b)(1), Plaintiff is entitled to

18   avoid the Transfers, and each of them.

19   39.    Pursuant to 11 U.S.C. section 550, Plaintiff may recover from Defendant the

20   property transferred under the Transfers, and each of them, or its value, plus interest thereon at the

21   maximum legal rate, in a sum according to proof.

22

23   ### FOURTH CLAIM FOR RELIEF

24   **(For Avoidance and Recovery of Fraudulent Transfers)**

25   **(Against All Defendants, and Does 1-25)**

26   40.    Plaintiff refers to and incorporates herein by reference each and every allegation

27   contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28

-7-

41.     Plaintiff is informed and believes, and thereon alleges, that when the Debtor made the Transfers, and each of them, each had already incurred, or believed or reasonably should have believed that he would incur, debts that would be beyond its ability to pay as such debts matured.

42.     Pursuant to 11 U.S.C. sections 544 and 548 as well as other applicable law, including, without limitation, California Civil Code section 3439.04(b)(2), Plaintiff is entitled to avoid the Transfers, and each of them.

43.     Pursuant to 11 U.S.C. section 550, Plaintiff may recover from Defendant the property transferred under the Transfers, and each of them, or its value, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FIFTH CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent Transfers)

### (Against All Defendants, and Does 1-25)

44.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

45.     The Marital Settlement Transfer was not accompanied by an immediate delivery and nor followed by an actual and continued change of possession of the applicable property.

46.     Pursuant to 11 U.S.C. sections 544 and 548 as well as other applicable law, including, without limitation, California Civil Code section 3440(a), Plaintiff is entitled to avoid the Transfers as applicable.

47.     Pursuant to 11 U.S.C. section 550, Plaintiff may recover from Defendant the property transferred under the  Transfers, as applicable, or its value, plus interest thereon at the maximum legal rate, in a sum according to proof.

-8-

## SIXTH CLAIM FOR RELIEF

### (For Declaratory Relief)

### (Against All Defendants, and Does 1-25)

48.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

49.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants ,on the other hand, relating to the effect and enforceability of the Quit Claim Deed and the Marital Settlement Agreement and transfers effected thereby, if any.

50.     Plaintiff contends that the Quit Claim Deed and the Palisades Property Quit Claim Transfer described above, and each of them, were shams, designed and executed to give the appearance that Debtor had transferred the Palisades Property to Amy Saxon or to affect the status and character of the Palisades Property while he enjoyed continuing benefit of that property as if no transfer had occurred.

51.     Plaintiff contends that the Marital Settlement Agreement and the Marital Settlement Transfer described above, and each of them, were shams, designed and executed to give the appearance that Debtor had transferred the Transferred Property to Amy Saxon or to affect the status and character of the Transferred Property while he enjoyed continuing benefit of that property as if no transfer had occurred.

52.     Plaintiff further contends that after the execution of the Quit Claim Deed and Marital Settlement Agreement above, Debtor retained equitable or beneficial interest in the Transferred Property and exploited that retained interest for his own benefit.

53.     Plaintiff further contends that the Palisades Property is property of the Estate or should be avoided or declared to be property of the Estate.

54.     Plaintiff further contends that the Transferred Property is property should be treated in ownership, status, and character as if neither of the Transfers nor any transfer had occurred.

55.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, dispute Plaintiff's contentions, among others, that the Transferred Property is property of the estate, that Plaintiff is entitled to ownership or possession and control of the

Transferred Property, but rather, contend, among other things, that the Transferred Property is not property of the estate but is the property of Amy Saxon or another and further that such property may not be used by the Estate.

56.    A judicial declaration is necessary and proper to determine the respect rights and obligations of the parties.

### SEVENTH CLAIM FOR RELIEF

**(For Imposition of Constructive Trust)**

**(Against All Defendants, and Does 1-25)**

57.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

58.    Plaintiff is informed and believes, and thereon alleges that Defendants hold or purport to hold legal title, if any, to the Transferred Property subject to the Debtor's superior equitable title.

59.    To the extent that Defendants, or any of them, hold said title, it is as a constructive trustee for the benefit of the Debtor and the Estate.

### EIGHTH CLAIM FOR RELIEF

**(For Unjust Enrichment)**

**(Against All Defendants, and Does 1-25)**

60.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

61.    As a result of the Transfers, Defendants and Does 1-25 received a benefit and unjustly retained that benefit at the expense of Debtor, unsecured creditors, and each of them, in an amount to be proved at trial.

1258364.2    26099

# NINTH CLAIM FOR RELIEF

## (For Turnover)

## (Against All Defendants, and Does 1-25)

62.  Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

63.  Plaintiff's interest in the Transferred Property is property of the Estate that may be used by Plaintiff.

64.  Plaintiff is entitled to a turnover from each of the recipients of the Transfers, and each of them, of the amounts each recipient received.

# TENTH CLAIM FOR RELIEF

## (For Conspiracy to Commit Fraudulent Transfers)

## (Against All Defendants, and Does 1-25)

65.  Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

66.  Plaintiff is informed and believes and based thereon alleges, that the Defendants, and each of them, had duties, pursuant to, inter alia, California Penal Code section 531,  not to cause the Transfers in that they were fraudulent transfers made with the intent to deceive and defraud creditors, or to defeat, hinder or delay creditors.

67.  Plaintiff is informed and believes and based thereon alleges, that at all relevant times herein, the Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to cause and participate in the Transfers.

68.  Plaintiff is informed and believes and based thereon alleges, that each Defendant did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy.

69.  Plaintiff is informed and believes and based thereupon alleges, that Defendants' conduct described herein was intended by Defendants to cause injury to the creditors of Debtor and

1  was carried on by Defendants with a willful and conscious disregard of the creditors of Debtor in

2  the property transferred.

3      70.      By reason of all of the foregoing, Plaintiff and its creditors as a whole were

4  damaged in an amount to be proven at trial, and Defendants should be required to compensate

5  Plaintiff for all such damages, together with all interest thereon as is allowed by law.

6

7                    **ELEVENTH CLAIM FOR RELIEF**

8              **(For Avoidance and Recovery of Preferential Transfers)**

9                  **(Against All Defendants, and Does 1-25)**

10

11     71.      Plaintiff refers to and incorporates herein by reference each and every allegation

12  contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

13     72.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers, and

14  each of them, constituted a transfer of interests of the Debtor in property to Amy Saxon.

15     73.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers, and

16  each of them, were made to or for the benefit of Amy Saxon as a creditor of the Debtor.

17     74.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers, and

18  each of them, were made for or on account of an antecedent debt owing by the Debtor to the Amy

19  Saxon before the Transfers, or any of them, were made.

20     75.      Plaintiff is informed and believes and, based thereon, alleges that the Debtor made

21  the Transfers while the Debtor was insolvent, or he was rendered insolvent by each.

22     76.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers, and

23  each of them, were made within 90 days prior to the Petition Date or between 90 days and one year

24  of the Petition Date to an insider.

25     77.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers, and

26  each of them, enabled Amy Saxon to receive more than the Amy Saxon would receive if the

27  Subject Obligations and Transfers had not been made and Amy Saxon instead received payment on

28  Amy Saxon's claim only to the extent provided by Chapter 7 of Title 11 U.S.C.

WHEREFORE, Plaintiff prays that judgment be entered as follows:

### ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF:

1. That each of the Transfers be avoided;

2. That each of the Transfers or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate; and

3. For interest thereon from the respective date of receipt of each of the Transfers.

### ON THE SIXTH CLAIM FOR RELIEF:

4. That the Court enter declaratory relief as set forth in the Complaint herein.

### ON THE SEVENTH CLAIM FOR RELIEF:

5. For a declaration that Defendants hold title to the property the subject of the Transfers as trustee of a constructive trust for the benefit of the Debtor and the Estate and

6. For an order compelling Defendants to convey the property the subject of the Transfers to Plaintiff or to pay Plaintiff the proceeds of the sale of the property the subject of the Transfers.

### ON THE EIGHTH CLAIM FOR RELIEF:

7. For damages in a sum to be proved at trial and

8. For interest thereon from the date of each respective transfer.

### ON THE NINTH CLAIM FOR RELIEF:

9. For a turnover of the property transferred in the Transfers, and each of them, or the sum of not less than the value received by each recipient and

-13-

1       10.    For an order compelling Defendants to convey the property the subject of the

2 Transfers to Plaintiff or to pay Plaintiff the proceeds of the sale of the property the subject of the

3 Transfers.

4

5       **ON THE TENTH CLAIM FOR RELIEF:**

6       11.    That the Transfers, and each of them, be avoided and recovered for the benefit of the

7 Estate and

8       12.    For punitive and exemplary damages.

9

10       **ON THE ELEVENTH CLAIM FOR RELIEF:**

11       13.    That the Transfers, and each of them, be avoided and

12       14.    That the Transfers, and each of them, or the respective value thereof be recovered

13 for the benefit of the Estate.

14

15       **ON ALL CLAIMS FOR RELIEF:**

16       15.    For costs of suit incurred herein;

17       16.    For interest according to law; and

18       17.    For all other and further relief as the Court deems just and proper.

19

20 Dated: March 𝕕, 2015          DANNING, GILL, DIAMOND & KOLLITZ, LLP

21

22

23               By: _____

                     Walter K. Oetzell

24                   Attorneys for Elissa D. Miller

                     Chapter 7 Trustee for the Estate of Bret

25                   Merrick Saxon

26

27

28

FORM B104  (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS ELISSA D. MILLER, Trustee for the Chapter 7 Estate of Bret Merrick Saxon | DEFENDANTS AMY BETH SAXON, an individual, BRET MERRICK SAXON, an individual, and DOES 1-25 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Walter K. Oetzell - DGD&K, LLP<br>1900 Ave. of Stars, 11th Fl.<br>L.A., CA 90067    (310) 277-0077 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☒ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and recovery of fraudulent and preferential transfers (11 USC 547, 548, 550 and state law)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ [2] 12-Recovery of money/property - §547 preference
☐ [1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 500,000 |

Other Relief Sought  DECLARATORY RELIEF

CCD-B104

FORM B104 (08/07), page 2                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>BRET MERRICK SAXON | BANKRUPTCY CASE NO.<br>2:13-bk-3214-TD |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |
| Central | Los Angeles | Thomas Donovan |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
| --- |
|  |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
| --- | --- |
| March 30, 2015 | Walter K. Oetzell |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.